# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KT4 PARTNERS LLC, | : | |
| Plaintiff, | : | |
| v. | : | **C.A. No. 2017-0177-JRS** |
| PALANTIR TECHNOLOGIES INC., | : | |
| Defendant. | : | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED REARGUMENT

WHEREAS, on September 20, 2016, KT4 Partners LLC ("KT4) served upon Palantir Technologies Inc. ("Palantir" or the "Company") a demand (the "Demand") to inspect certain books and records of the Company pursuant to 8 *Del. C.* § 220 ("Section 220");

WHEREAS, on March 8, 2017, KT4 filed a Verified Complaint Against Defendant Palantir Technologies, Inc. for Inspection of Books and Records Pursuant to 8 *Del. C.* § 7-220 (sic);

WHEREAS, the Court held a one-day trial on June 28, 2017;

WHEREAS, the Court heard post-trial oral argument on December 12, 2017;

WHEREAS, the Court issued a Memorandum Opinion, dated February 22, 2018,[1] granting or modifying certain requests in the Demand and denying certain requests in the Demand, as set forth in the Opinion (the "Inspection Information");

WHEREAS, the Court issued a Final Order and Judgment, dated March 20, 2018, wherein the Court declined to include electronic mail within the Inspection Information[2];

WHEREAS, KT4 filed a motion for limited reargument under Court of Chancery Rule 59(f) on March 22, 2018, in which it asks the Court to include electronic mail within the Inspection Information (the "Motion");

WHEREAS, Palantir opposed the Motion on March 29, 2018; and

WHEREAS, the Court having considered the Motion, Palantir's opposition and applicable precedent;

**IT IS HEREBY ORDERED**, this 1st day of May, 2018, that:

1.     "A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts

---

[1] *KT4 P'rs LLC v. Palantir Techs., Inc.*, 2018 WL 1023155 (Del. Ch. Feb. 22, 2018) (the "Opinion").

[2] *KT4 P'rs LLC v. Palantir Techs., Inc.*, 2018 WL 1411650 (Del. Ch. Mar. 20, 2018) (ORDER) (the "Final Order and Judgment").

so that the outcome of the decision would be different."[3]  A motion for reargument "[is] not a mechanism for litigants to relitigate claims already considered by the court.'"[4]  "Plaintiff[] bear[s] a heavy burden on a Rule 59 motion."[5]

2.      Through the Motion, KT4 seeks reargument of the Court's determination that the Company need not make electronic mail available for inspection.  KT4 makes two arguments in support of its position.  *First*, KT4 submits that the Court misapprehended the facts as relates to whether the Demand requested inspection of electronic mail.[6]  *Second*, KT4 asserts electronic mail is essential to one particular category of Inspection Information:  "any amendment or purportedly retroactive amendment to the Investors' Rights Agreement made by Palantir or its stockholders on September 1, 2016."[7]  Specifically, KT4 contends that electronic mail is essential for this particular investigative purpose because such documents

---

[3] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008), *aff'd sub nom. Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 962 A.2d 916 (Del. 2008).

[4] *In re ML/EQ Real Estate P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[5] *Id.*

[6] Mot. ¶¶ 2–3, 5.

[7] Final Order and J. ¶ 2.c; Mot. ¶¶ 6–7.

would reveal "representations Palantir made to cause other majority shareholders to agree to the amendments."[8]

3.      The Court did not misapprehend the facts or the law regarding KT4's position on electronic mail. Rather, the Court, in its discretion, disagreed with KT4 that inspection of electronic mail is essential to fulfilling its stated purpose and accordingly declined to order production of electronic mail.[9]

4.      KT4 requested electronic mail only as to one category of books and records, and the Opinion did not grant inspection of that category of information.[10] Contrary to KT4's assertions, its request in the Demand's preamble for "access to the books and records of the Corporation (including hardcopy and electronic documents and information)" cannot reasonably be viewed as a targeted request for electronic mail in these circumstances.[11] Most corporate "books and records" are stored in electronic format, so a request to inspect "electronic documents and

---

[8] Mot. ¶ 7.

[9] Specifically, in keeping with this Court's precedent that "[t]he starting point—and often the ending point—for a sufficient inspection will be board level documents evidencing the directors' decisions and deliberations, as well as the materials that the directors received and considered," the Court declined to grant KT4 inspection of electronic mail. *Amalgamated Bank v. Yahoo! Inc.*, 132 A.3d 752, 790 (Del. Ch. 2016).

[10] *See* Mot., Ex. A. ¶ 22 ("22. all books and records (including *email* and *other correspondence* sent to or from any current or former Palantir officer, director, agent, or shareholder . . .)") (emphasis added).

[11] Mot. 1.

information" is most reasonably construed as an attempt to reach the company's books and records stored in that format.[12] KT4 was well aware of the distinction when it made its Demand, as evidenced by its specific demand for "email" and "correspondence" in category 22 of the Demand (not at issue here) *in addition to* its more general demand for "electronic documents and information" in the preamble.[13]

5.     Moreover, inspection of electronic mail is not essential to fulfilling KT4's stated investigative purpose.  The Court has "wide latitude in determining the proper scope of inspection" under Section 220.[14]  "Undergirding this discretion is a recognition that the interests of the corporation must be harmonized with those of the inspecting stockholder."[15]  "A Section 220 proceeding should result in an order circumscribed with rifled precision."[16]  Inspection of corporate books and records pursuant to Section 220 should not be confused with comprehensive discovery under Court of Chancery Rule 34.[17]  Unsatisfied with board level documents relating to

---

[12] *See Amalgamated Bank*, 132 A.3d at 792 ("Today, over 90% of business documents are stored electronically.  Limiting books and records to physical documents could cause Section 220 to become obsolete or ineffective.") (internal quotations and citations omitted).

[13] *See* Mot., Ex. A. at 1, ¶ 22; Mot. 1.

[14] *Thomas & Betts Corp. v. Leviton Mfg. Co., Inc.*, 681 A.2d 1026, 1035 (Del. 1996).

[15] *Id.*

[16] *Sec. First Corp. v. U.S. Die Casting & Dev. Co.*, 687 A.2d 563, 570 (Del. 1997).

[17] *See id.* ("The scope of the production which the Court of Chancery ordered in this case is more akin to a comprehensive discovery order under Court of Chancery Rule 34 than a

5

Palantir's consideration of amendments to the Investors' Rights Agreement, KT4 seeks broad plenary discovery into alleged representations Palantir made to its stockholders related to this contract. Again, full-blown fact discovery is not the point of a Section 220 inspection.

6. KT4's motion for limited reargument fails to establish that the Court misapprehended the facts or misapplied the law. Rather, the Motion merely seeks to rehash arguments over production of electronic mail, which the Court has already considered and rejected, twice, in the Opinion and again in the Final Order and Judgment.[18] The motion for limited reargument must be DENIED.



/s/ Joseph R. Slights III
Vice Chancellor

---

Section 220 order. The two procedures are not the same and should not be confused."). *See also Amalgamated Bank*, 132 A.3d at 789 ("A Section 220 inspection, however, is not the equivalent of discovery in a plenary action.").

[18] *In re ML/EQ Real Estate P'ship Litig.*, 2000 WL 364188, at *1 (stating Rule 59 "motions are not a mechanism for litigants to relitigate claims already considered by the court").